87 F.3d 1321
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ruby RUSSELL, Plaintiff-Appellant,
v.
GENERAL TELEPHONE COMPANY OF CALIFORNIA; the Communication
Workers of America; Richard Reno; Larry Bligh,
Defendant-Appellees.
 No. 94-56594.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 11, 1996.
Decided June 21, 1996.
 
 1
 Before: SCHROEDER and LEAVY, Circuit Judges, and TRIMBLE* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Ruby Russell (Russell) appeals a judgment entered against her after a two day bench trial in which the district court found for defendants as to Russell's complaint claiming a hostile working environment, retaliation, and disparate treatment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e) et seq. The district court made findings concerning the conduct of Russell's supervisor, Richard Reno (Reno), holding that such conduct did not establish a hostile working environment. Russell maintained three distinctive arguments on appeal with respect to the district court's analysis of Reno's conduct.[1] However, discussion of Reno's offensive acts is unnecessary as we hold that there is no clear error in the district court's finding that Russell's termination was not caused by work environment but rather was caused by her failure to pass a mandatory driving examination.
 
 
 4
 To establish a prima facie case of unlawful employment discrimination, a plaintiff must demonstrate (1) membership in a protected class, (2) performance of the job in a satisfactory manner, (3) an adverse employment decision made against plaintiff, and (4) different treatment than similarly situated persons outside the protect class. McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).
 
 
 5
 In 1989, the State of California required operators of certain trucks to obtain a Commercial Class A driver's license. Several General Telephone Electric (GTE) employees, including Russell, drove such trucks and were thus required to pass a three part examination to obtain the license. GTE began scheduling the examination process based on employees' driver's license expiration dates from a computer printout generated by Steve Shannen, a non-named defendant.[2] GTE provided Russell with three opportunities to take the driving test. Russell used two of those opportunities to take the exam and was unsuccessful in passing all of the required portions. The exam was administered by Harold Gregory, who was neither a named defendant nor under the supervision of the named defendants Larry Bligh and Reno.
 
 
 6
 After Russell failed the second time, GTE offered Russell the opportunity to undergo an 18-week training program and to take the test a third and final time with the stipulation that if she failed again, she would have to resign. Russell was also given the option of returning to her former position as a telephone operator in another GTE facility, maintaining her same seniority level and pay level, less a shift/wage differential due to a transfer to the day shift. Russell chose to transfer to the other facility and work under a new supervisor instead of taking the driving exam a third time. After working for several months, Russell took three consecutive six-month leaves of absence and exhausted her paid sick leave. At the end of her extended leave, Russell was released from employment at GTE.
 
 
 7
 Under these circumstances, Russell has not demonstrated that the driver examination process constituted an adverse employment decision. Moreover, as all GTE employees who used such trucks were also required to pass the exam, Russell has failed to prove that similarly situated persons outside of her protected class were treated differently. The driver's license was required by the State of California. The driving exam was administered by a neutral party. Russell was given three opportunities to pass the exam and after failing twice, chose to transfer to another facility. Other GTE employees were required to pass the same driving examination. Therefore, despite the offensiveness of Reno's actions, there was no indication of discrimination in GTE's handling of the driving examination process for Russell. Furthermore, punitive damages in connection with Reno's conduct are not available because the 1991 Amendments to Title VII of the Civil Rights Act of 1964 do not have retroactive effect, and therefore are not applicable to the instant case. See Landgraf v. USI Film Products, 114 S.Ct. 1483 (1994).
 
 
 8
 The Judgment by the District Court is AFFIRMED.
 
 
 
 *
 The Honorable James T. Trimble, Jr., United States District Judge for the Western District of Louisiana, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Russell argues that the district court erred in its finding because (1) an objective reasonable person standard that included the victim's same fundamental traits such as her race and gender was not used, (2) rude and insensitive remarks made towards all of the supervisees did not preclude Russell's individual action for a hostile work environment, and (3) the aggregate impact of defendant's racially abusive words and acts were not considered
 
 
 [2]
 Hickerson, another GTE employee, had an earlier license expiration date than Russell, but had renewed his license in anticipation of the testing